# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONALD RAY JOHNSON, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 15-399-RAW-KEW** |
| ) | |
| **JOE M. ALLBAUGH, DOC Director,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma. He is attacking his conviction and sentence in Okmulgee County District Court Case No. CF-2013-35 for Conspiracy to Traffic in a Controlled Substance (Methamphetamine) (Count I), and Trafficking in a Controlled Substance (Methamphetamine) (Count 2), both after conviction of two or more violations of the Uniform Controlled Dangerous Substances Act. He raises two grounds for relief:

    I.    There was no probable cause to stop the vehicle in which the drugs were found, and the resulting search was unlawful and should have been suppressed.

    II.    The sentence of life imprisonment without parole for a non-capital, non-violent crime is disproportionate to the offense and constitutes cruel and unusual punishment.

Respondent concedes that Petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review. The following records have been submitted to

the Court for consideration in this matter:

    A.    Petitioner's Judgment and Sentence.

    B.    Petitioner's direct appeal brief.

    C.    The State's brief in Petitioner's direct appeal.

    C.    Summary Opinion affirming Petitioner's Judgment and Sentence.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Facts**

On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) set forth the facts leading to the stop of the vehicle containing the illegal substance:

> The charges in this case stem from a multi-agency investigation of suspected drug trafficking involving Appellant and many others. Authorities obtained a warrant to intercept electronic communications to and from Appellant's cell phone. Information gleaned from this surveillance led to a traffic stop near Glenpool on November 18, 2012. The vehicle was driven by David Stone; Marie Doughty was the only passenger. Trooper Shiloh Hall, of the Oklahoma Highway Patrol, testified that he stopped Stone's vehicle for crossing the "fog line" several times. During the

> encounter, Hall could smell the odor of burnt marijuana; he testified that Stone was extremely nervous and exhibited signs consistent with being under the influence of marijuana. Hall issued Stone a warning and returned his driver's license. But before Stone left, Hall asked for consent to search his vehicle. When Stone refused, Hall arrested him for driving under the influence of intoxicants. As Hall prepared to inventory Stone's vehicle for impoundment, he spoke with Ms. Doughty, and asked if a purse lying on the vehicle's floorboard belonged to her. She said it did not. Hall asked Stone the same question, and Stone denied ownership of the purse. When Hall relayed this information to Doughty, she replied, "If he wants me to have it, I'll take it." When Hall searched the purse, he found two gallon-sized plastic bags containing methamphetamine, with a total weight of about one pound.
>
> After their arrest, Stone and Doughty agreed to interviews with police. They both claimed to be carrying the methamphetamine at Appellant's request. Their accounts were substantially consistent with what police already knew from electronic surveillance of Appellant's cell phone. Both Stone and Doughty were charged as co-defendants with Appellant in this case, and both agreed to cooperate with authorities by testifying at Appellant's trial. . . .

*Johnson v. State*, No. F-2013-1047, slip op. at 1-3 (Okla. Crim. App. Oct. 17, 2014) (unpublished) (Dkt. 9-4). The OCCA's factual findings are entitled to a presumption of correctness, unless Petitioner produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

**Ground I: Fourth Amendment**

Petitioner alleges in Ground I of the petition that the authorities lacked probable cause to stop the vehicle that contained the illegal substance. He claims the subsequent discovery of the illegal substance and its presentation at trial was inadmissible fruit of the poisonous tree. Petitioner raised this claim on direct appeal, and the OCCA found no merit in the argument:

3

In his first proposition of error, Appellant claims the search of Stone's vehicle was unreasonable, in violation of the Fourth Amendment, and that all evidence obtained during the search should be suppressed. Appellant claims that because the methamphetamine would not have been discovered but for this vehicle search, the case against him should be dismissed. There are two components to Appellant's challenge. First, he claims Trooper Hall lacked probable cause to stop Stone for violating Oklahoma traffic laws merely because he might have edged over the "fog line" a few times. Second, he claims that Hall had no justification to arrest Stone after Stone refused to consent to a search of the vehicle. Because Appellant did not challenge the traffic stop below, our review is limited to one for "plain error" only. *Marshall v. State*, 232 P.3d 467, 478 (Okla. Crim. App. 2010). To be entitled to relief under the plain error doctrine, Appellant must demonstrate a plain or obvious deviation from a legal rule which affected his substantial rights, *i.e.*, which affected the outcome of the proceedings. *See* Okla. Stat. tit. 20 § 3001.1 (2011); *Hogan v. State*, 139 P.3d 907, 923 (Okla. Crim. App. 2006).

The Fourth Amendment protects all citizens from "unreasonable" searches and seizures. This includes not just searches and seizures of one's person, but of one's property as well. However, this constitutional right is a personal one. The Fourth Amendment protects people, not places. *Katz v. United States*, 389 U.S. 347, 351 (1967). "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. . . . But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." *Id*. The central question is: Whether the government action affected a place, or a thing, over which the challenger exhibited an expectation of privacy that society recognizes as "reasonable." *See Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978); *State v. Marcum*, 319 P.3d 681, 683 (Okla. Crim. App. 2014).

As the State points out, Appellant has not claimed that *he* had any expectation of privacy--reasonable or otherwise--in Stone's vehicle, or in Doughty's purse. Appellant was not even a passenger in Stone's car at the time it was stopped. Indeed, it is apparent from the evidence presented at trial that Appellant employed Stone and Doughty as "mules" (describing them as such in a phone call to his supplier), for the specific purpose of transporting the drugs in his stead. The obvious purpose of using a "mule" to transport contraband is to distance oneself from it, in case something goes

wrong.

> When a litigant claims his Fourth Amendment rights have been violated, it is his burden to show that he exhibited a reasonable expectation of privacy in the place searched or the thing seized. *Rawlings v. Kentucky*, 448 U.S. 98, 105 (1980); *Anderson v. State*, 992 P.2d 409, 417 (Okla. Crim. App. 1999). The defendant is saddled with this burden because he is in the best position to present evidence on the issue. To presume such an expectation of privacy for everyone, covering any conceivable place or thing on the planet, and requiring the State to disprove the presumption would of course prove unworkable. When the search involves a vehicle the defendant owns and is driving, or a purse or wallet on the defendant's person, the burden may not be difficult. But the facts in this case do not present such a scenario. In fact, without some additional evidence, no one would suspect that Appellant had any expectation of privacy in Stone's vehicle or Doughty's purse, and Appellant has not presented us with any facts suggesting that he did. *Rakas*, 439 U.S. at 130 (although defendant was a passenger in the car where incriminating evidence was found, he never claimed any interest in either the car or the evidence seized from it); *Chambers v. State*, 720 P.2d 741, 743 (Okla. Crim. App. 1986) (defendant, charged with burglary, failed to establish that he had any possessory interest in vehicle where the stolen items were found); *Cooks v. State*, 699 P.2d 653, 658 (Okla. Crim. App. 1985) (defendant failed to show any possessory interest in vehicle, whose owner gave consent to search).
>
> Because we have no evidence before us that Appellant ever claimed any expectation of privacy in Stone's vehicle or Doughty's purse, we find it unnecessary to consider his challenges to the search of either. Without any indication that Appellant's own Fourth Amendment rights were implicated here, there can be no error, plain or otherwise. Proposition 1 is denied.

*Johnson v. State*, No. F-2013-1047, slip op. at 3-6 (footnote omitted) (emphasis in original).

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted). Here, the Court finds Petitioner had the opportunity and exercised it fully on direct appeal. Therefore, Petitioner's Fourth Amendment

5

claim is barred from federal habeas review, and Ground I of the petition must be denied.

**Ground II:   Excessive Sentences**

Petitioner alleges in Ground II that his two life-without-parole sentences are disproportionate to the offenses, which were non-violent, non-capital offenses. Citing Okla. Stat. tit. 63, §§ 2-408, 2-415(D)(3), the OCCA noted that "[b]ecause of Appellants criminal history involving controlled substances, conviction for each of the instant offenses required a mandatory sentence of life imprisonment without possibility of parole." *Johnson*, No. F-2013-1047, slip op. at 1 n.1. The OCCA further found as follows:

> In his second proposition of error, Appellant claims that sentences of life imprisonment without the possibility of parole, for noncapital, non-violent crimes, are disproportionate and constitute "cruel and unusual punishment," in violation of the Eighth Amendment to the United States Constitution and Article 2, Section 9 of the Oklahoma Constitution. Appellant did not raise this challenge below. As the State points out, even though the issue is purely one of law, there is some authority for limiting our review to one for plain error only. *See Jetton v. State*, 632 P.2d 432, 435-36 (Okla. Crim. App. 1981). We reject Appellant's contention under any standard of review. We have considered this precise issue (mandatory life imprisonment, without possibility of parole, for drug-trafficking offenses), and rejected it many times in recent years. *Dodd v. State*, 879 P.2d 822, 825-27 (Okla. Crim. App. 1994); *Ott v. State*, 967 P.2d 472, 477 (Okla. Crim. App. 1998); *Dufries v. State*, 133 P.3d 887, 891 (Okla. Crim. App. 2006); *Randolph v. State*, 231 P.3d 672, 683 (Okla. Crim. App. 2010). We decline to revisit the issue here. Proposition 2 is denied.

*Johnson*, No. F-2013-1047, slip op. at 6-7.

A habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law."

*Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Federal habeas review generally ends "once we determine the sentence is within the limitation set by statute." *Id*.; *see also Parker v. Evans*, 569 F. App'x 611, 617 (10th Cir. 2014) ("Mr. Parker claims his sentence is excessive under Oklahoma law but fails to identify any constitutional violation, which is the core predicate for federal habeas relief.")

As set forth above, Petitioner's sentences clearly are within the statutory limits, because the sentences are mandated by state law. Therefore, the OCCA's determination of this claim was not contrary to, or an unreasonable application of Supreme Court law. *See* 28 U.S.C. § 2254(d). Ground II of the petition is meritless.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not "demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, Petitioner should be denied a certificate of appealability.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 22nd day of January 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma